People v Presley
2026 NY Slip Op 04012
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
John M. Presley, Appellant.

Decided and Entered:June 25, 2026
CR-24-0606
Calendar Date: May 12, 2026
Before: Garry, P.J., Pritzker, Reynolds Fitzgerald, Powers And Corcoran, JJ.

Veronica Reed, Schenectady, for appellant.
Robert A. Mascari, District Attorney, Wampsville (J. Scott Porter of counsel), for respondent.

[*1]
Corcoran, J.
Appeal from a judgment of the County Court of Madison County (Rhonda Youngs, J.), rendered February 8, 2024, upon a verdict convicting defendant of the crime of predatory sexual assault against a child.
In October 2022, defendant and two codefendants were jointly charged by sealed indictment with various crimes against minor family members, including, as relevant to defendant, predatory sexual assault against a child (see Penal Law former § 130.96) and course of sexual conduct against a child in the first degree (see Penal Law § 130.75 [1] [former (a)]). The People declared their readiness for trial and filed a certificate of compliance (hereinafter COC) on December 2, 2022, and later supplemented their COC and declaration of readiness on August 31, 2023. Although defendant moved to dismiss the indictment on statutory speedy trial grounds based on the belated disclosure, County Court did not decide the motion. A jury trial of defendant and one codefendant proceeded after the other codefendant pleaded guilty and testified for the People. Defendant was convicted of predatory sexual assault against a child and sentenced to a term of imprisonment of 20 years to life. Defendant appeals.
Defendant asserts that his conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence, citing certain inconsistencies in the victim's testimony, the absence of corroborating evidence, and medical evidence arguably inconsistent with the alleged abuse. Although defendant moved to dismiss at the close of the People's proof, he did not articulate a specific legal sufficiency argument. As a result, his challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see People v Noble, 244 AD3d 1499, 1500 [3d Dept 2025]). However, defendant's weight of the evidence challenge does not require preservation (see People v Ferrara, 243 AD3d 962, 963 [3d Dept 2025], lv denied 45 NY3d 945 [2026]). "[O]ur assessment of defendant's challenge to the weight of the evidence requires that we confirm whether the People proved each element beyond a reasonable doubt, and we do so while considering the evidence in a neutral light with deference to the jury's resolutions on witness credibility" (People v Baez, 232 AD3d 1044, 1045 [3d Dept 2024] [internal quotation marks and citations omitted]). Here, the jury was instructed that "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, he or she commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law former § 130.96). As further charged to the jury, "[a] person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration[,] . . . he or she engages in two or more acts of sexual conduct, which includes at least one act of sexual intercourse, oral sexual [*2]conduct, anal sexual conduct or aggravated sexual contact, with a child less than [11] years old" (Penal Law § 130.75 [1] [former (a)]).
The victim, who testified that she was born in 2007, regularly lived in the same household as defendant from 2012 through 2016. During that time, defendant sexually abused her "every few months" when she was between five and nine years old. The abuse consisted of acts that satisfied the statutory criteria for the crimes charged. She disclosed the abuse after she was placed in foster care. Because defendant threatened to kill the victim if she disclosed the abuse, she did not reveal it when she was questioned by Child Protective Services (hereinafter CPS) during 2015 and 2017 police investigations. She also denied to her pediatrician that she was being touched inappropriately. During cross-examination, defense counsel elicited some inconsistencies between the victim's grand jury testimony and her trial testimony.
The People called two witnesses related to defendant, who described his prior bad acts, specifically that defendant repeatedly raped them when they were about the same age as the victim. One witness also testified that her own young daughter disclosed to her that defendant "hurt" her. The People also called a psychotherapist in the field of child sexual abuse, who described how prolonged abuse impedes a child's ability to remember, timely disclose and consistently detail the abuse. A CPS investigator involved with the family between 2012 through 2016 testified that the victim was placed in foster care in 2015 amid concerns that she was "sexually acting out."
The codefendant called the victim's pediatrician, who testified that his 2015 examination of the victim revealed anatomic findings that could be inconsistent with sexual abuse, though he ultimately could not exclude that possibility based upon his examination findings alone. He also testified that the victim denied any history of abuse when he examined her.
Based on the foregoing, a different verdict would not have been unreasonable had the jury rejected the victim's uncorroborated account and viewed the medical evidence as inconsistent with her allegations. Still, deferring to the jury's credibility determinations while weighing the proof in a neutral light, we find that the verdict is supported by the weight of the evidence. The victim's testimony established the essential elements of predatory sexual assault. Defense counsel thoroughly explored certain perceived inconsistencies, which did not render her testimony "inherently unbelievable or incredible as a matter of law" (People v Harris, 246 AD3d 1300, 1303 [3d Dept 2026] [internal quotation marks and citations omitted]; see People v Sharlow, 217 AD3d 1120, 1122 [3d Dept 2023], lv denied 40 NY3d 1013 [2023]). Nor did the pediatrician's testimony foreclose the possibility of abuse. The jury was aided by expert testimony explaining that child victims of prolonged sexual abuse often delay disclosure [*3]and may provide incomplete or inconsistent accounts over time. Consistent with that expert opinion, a CPS investigator testified that the victim exhibited sexualized behavior during the relevant time despite her silence. Accordingly, after weighing the relative probative force of the conflicting testimony and the relative strength of the competing inferences to be drawn therefrom, and according "deference to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Williams, 239 AD3d 1090, 1091 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 44 NY3d 985 [2025]), we are satisfied that the verdict is supported by the weight of the evidence (see People v Bessette, 246 AD3d 1310, 1312 [3d Dept 2026]; People v Ferrara, 243 AD3d at 964; People v Baez, 232 AD3d at 1047).
Next, we consider whether defendant is entitled to reversal of his convictions or, alternatively, remittal to consider his challenge to the People's COC. Defendant was arraigned on the indictment on November 23, 2022 and the People filed a COC and a statement of readiness for trial on December 2, 2022. On August 31, 2023, the People filed a supplemental COC. On September 8, 2023, three days before the scheduled trial date, defendant moved to invalidate the December 2, 2022 COC as illusory and to dismiss the indictment on statutory speedy trial grounds, arguing that the People should have provided the belated discovery earlier. County Court adjourned the trial and established a schedule to determine the People's Molineux application and defendant's motions for a Sandoval hearing and for severance of the trial. Although County Court resolved other pretrial applications, it never determined defendant's motion to dismiss the indictment on speedy trial grounds.
Defendant now contends that the belated disclosure rendered the December 2, 2022 COC invalid and, thus, the People's statement of readiness was illusory and insufficient to stop the running of the speedy trial clock (see CPL 30.30). Where, as here, defendant is charged with one or more felonies, the People must be ready for trial within six months of the commencement of the criminal action (see CPL 30.30 [1] [a]; People v Coffey, 244 AD3d 1609, 1611 [3d Dept 2025]). The People's discovery obligations under CPL article 245 are "tethered . . . to CPL 30.30's speedy trial requirements" (People v Bay, 41 NY3d 200, 209 [2023]) and a statement of readiness is conditioned upon the filing of a proper COC (see CPL 30.30 [5]; People v Stanley, 246 AD3d 1218, 1222 [3d Dept 2026]; People v Contompasis, 236 AD3d 138, 144 [3d Dept 2025], lv denied 43 NY3d 1007 [2025]; People v Williams, 224 AD3d 998, 999 [3d Dept 2024], lv denied 41 NY3d 1021 [2024]). In determining whether a COC is proper, " 'the key question . . . is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery'[*4]" (People v Williams, 224 AD3d at 999, quoting People v Bay, 41 NY3d at 211; see People v Grandoit, 242 AD3d 1298, 1299-1300 [3d Dept 2025]; People v James, 229 AD3d 1008, 1010 [3d Dept 2024]). The inquiry is "fundamentally case-specific" and "will turn on the circumstances presented" (People v Bay, 41 NY3d at 212).
A court "must . . . grant[ ]" a defendant's motion to dismiss on statutory speedy trial grounds if the People have not filed a valid COC and declared readiness for trial within the applicable time frame (CPL 30.30 [1]). "Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Williams, 224 AD3d at 1005 [internal quotation marks and citations omitted]; see People v Mitchell, 228 AD3d 1250, 1254 [4th Dept 2024]).
Here, County Court made no findings regarding the People's compliance with their discovery obligations or the validity of the COC. "The absence of express findings on these essential factors precludes appellate review on this record" (People v Stanley, 246 AD3d at 1224). Although the People now contend that the supplemental discovery response was immaterial or not subject to disclosure, County Court never ruled on defendant's motion, an omission which "cannot be deemed a denial thereof" (People v Mitchell, 228 AD3d at 1258 [internal quotation marks and citation omitted]; see CPL 470.15 (1); People v Concepcion, 17 NY3d 192, 197-198 [2011]). We therefore hold the appeal in abeyance, reserve decision and remit the matter to County Court to determine whether the original COC was valid, and, if not, whether the People exceeded the time within which they were required to announce readiness for trial (see People v Stanley, 246 AD3d at 1223; People v Coffey, 244 AD3d at 1613; People v James, 229 AD3d at 1012; People v Mitchell, 228 AD3d at 1258).
Garry, P.J., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this Court's decision.